IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRI EIDE,

                Plaintiff,

v.                         ORDER ON MOTION TO BIFURCATE

LIFE INSURANCE COMPANY OF          09-cv-671-slc
NORTH AMERICA,

                Defendant.

---

In this civil action for monetary relief, plaintiff Terri Eide contends that defendant Life Insurance Company of North America breached its long-term disability insurance policy when it terminated disability payments to her on December 19, 2008. Plaintiff also alleges that defendant terminated her benefits in bad faith by failing to make payments under the policy or to evaluate her claim in a timely manner. Plaintiff seeks compensatory damages, punitive damages, costs and attorney fees.

Plaintiff filed this action in the Circuit Court for Sauk County, Wisconsin; defendant removed it to this court under 28 U.S.C. § 1441(a). Diversity jurisdiction is present under 28 U.S.C. § 1332. (Although defendant asserted in its notice of removal that subject matter jurisdiction exists because plaintiff's claim for benefits due is governed by the Employee Retirement and Income Security Act of 1974 (ERISA), it now has agreed to waive any ERISA-preemption defense. *See* Dkt. 14.) The parties have consented to my jurisdiction over the case.

Before the court is defendant's motion pursuant to Fed. R. Civ. P. 42(b) for an order bifurcating and staying the plaintiff's insurance bad faith claim and for an order staying discovery on the bad faith claim. The motion for bifurcation will be stayed and the motion for a stay of discovery will be denied.

Defendant asks the court to bifurcate and stay plaintiff's bad faith claim, and to preclude plaintiff from seeking discovery relevant to bad faith, until the breach of contract issue is resolved. Although defendant raises concerns that it will be prejudiced at trial if the claims are tried together, its primary concern is with the scope of discovery. Defendant argues that allowing plaintiff to take discovery on her bad faith claim likely will entail requests for work product and privileged information to which plaintiff would not be entitled if she were proceeding solely on a claim for benefits. Although defendant acknowledges that whether to bifurcate and stay discovery are matters within this court's discretion under Fed. R. Civ. P. 42, it urges this court to adopt the approach taken by the Wisconsin Court of Appeals in *Dahmen v. American Family Ins. Co.*, 2001 WI App 198, 247 Wis. 2d 547, 635 N.W. 2d 1, in which the court found as a matter of policy that discovery of the insurer's investigative files should not proceed until the coverage issue was resolved. In the *Dahmen* court's view, refusing to bifurcate would encourage insureds to allege bad faith merely as a way to circumvent the work product and attorney/client privileges and would reduce the chances of settlement. *Id*. at ¶¶13-19, 247 Wis. 2d at 551-52, 635 N.W. 2d at 6. The court also was concerned that litigating the underlying contract claim for benefits and the tort claim of bad faith in a single trial would cause jury confusion and prejudice to the insurer. *Id*. at ¶17, 247 Wis. 2d at 552, 635 N.W. 2d at 6.

This last concern holds some sway with this court, but it is not a matter that needs to be addressed right now. As defendant points out, the breach of contract claim likely will be resolved on summary judgment, much like an ERISA claim. In the unlikely event that a factual dispute remains on the contract claim that must be tried by the jury, the court then will take up the bifurcation question. If this court were to decide to bifurcate the trial, however, it would try

the entire case serially to the same jury in the same week. Perforce, the court not only allows but requires the parties to discover evidence on all issues during the discovery phase of the case.

Although I am sensitive to the concerns raised by allowing plaintiff access to defendant's investigative files, I am not persuaded by them. As plaintiff points out, there is a significant overlap in the evidence necessary to answer the questions in this case, namely, whether plaintiff is disabled under the terms of the policy and if so, whether defendant had a reasonable basis for thinking she was not. *Accord McLaughlin v. State Farm Mutual Automobile Ins. Co.*, 30 F.3d 861, 871 (7th Cir. 1994) (noting that evidence relating to compensatory claim and bad faith claim "usually overlaps substantially"); *Williamson v. Progressive Northern Ins. Co.*, 2007 WL 2176561 at *1 (S.D. Ind. 2007) (same); *Trinity Homes, LLC v. Regent Ins. Co.*, 2006 WL 753125 at *2 (S.D. Ind. 2006) (same). Much of the information in defendant's claim file likely will be discoverable in connection with the coverage question in the first instance, so defendant's objection to having to produce privileged information seems more conjectural than actual. Further, defendant's claim of prejudice from having to engage in discovery related to bad faith before the breach of contract claim is determined presumes that defendant will prevail on the contract claim, which may not be the case. Finally, defendants have not disputed plaintiff's assertion that many of the same witnesses would have to be deposed for both the coverage and bad faith claims. Therefore, allowing plaintiff to take discovery on both claims now is more likely to achieve a fair and efficient outcome for all concerned.

3

ORDER

IT IS ORDERED that:

1. Defendant's motion for an order bifurcating the breach of contract and bad faith claims is STAYED; and

2. Defendant's motion for an order staying discovery on bad faith is DENIED.

Entered this 19th day of April, 2010.

BY THE COURT:

/s/

STEPHEN CROCKER
Magistrate Judge

4